CLEARY, Chief Judge
(concurring specially).
While I agree with the majority as to the result in this case, I concur specially to emphasize the limited purview of this decision. Specifically, I believe that the search-incident-to-arrest exception found in State v. Bernard 859 N.W.2d 762 (Minn.2015) is limited to providing that a warrantless breath test is constitutional under these facts. The Bernard court noted that other courts have refused to apply the search-incident-to-arrest exception to *544 warrantless blood tests and that the supreme court itself had previously “determined that a warrantless blood sample search was unconstitutional” in a non-DWI context. Bernard, 859 N.W.2d at 768 n. 6. Putting aside my continuing concerns regarding the taking of a breath sample from an individual’s body as part of a search incident to arrest, see id. at 774 (Page and Stras, JJ., dissenting jointly) (“[T]he Supreme Court has never implied, much less stated, that the search-ineident-to-arrest exception extends to the forcible removal of substances from within a person’s body.”), even the majority in Bernard drew a line by expressing “no opinion as to whether a blood or urine test of a suspected drunk driver could be justified as a search incident to arrest.” Id.
Consequently, in a blood or urine test-refusal case, the majority could not simply insert the Bernard holding “into the Net-land analysis in lieu of the Shriner holding,” to determine whether there is an underlying unconstitutional government infringement ■ for the purpose of deciding whether the test-refusal statute imposes unconstitutional conditions on a person’s exercise of Fourth Amendment rights. Because the test-refusal statute penalizes the refusal of all types of chemical alcohol concentration testing, and because no Minnesota precedent holds that warrant-less blood and urine tests are justified under the search-incident-to-arrest exception, I write separately to posit that the test-refusal statute may well violate the unconstitutional-conditions doctrine as it pertains to warrantless blood and urine tests.